IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff/Respondent,**

**v.**                                           **No. CIV 08-575 JC/LAM**
                                               **CR 07-169 JC**

**LOUIS H. GARCIA,**

        **Defendant/Movant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant Louis Garcia's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Docs. 1 and 4)*[2] (hereinafter "**Section 2255 Motion**"), filed on June 13, 2008,[3] and Plaintiff/Respondent's ***United States' Response to Defendant's Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence** (Doc. 9)* (hereinafter "**Response**"), filed on November 18, 2008.  Plaintiff did not file a reply to Plaintiff/Respondent's response.

---

[1]**Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-08-0575.

[3]The Court notes that Defendant/Movant's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Doc. 1)* was filed without his signature, and that pursuant to the Court's ***Memorandum Opinion and Order to Show Cause** (Doc. 3)*, Defendant/Movant re-filed a copy of his motion with his signature, but without the exhibits attached to *Doc. 1*.  See ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Doc. 4)*.  The Court will construe the two documents together as Mr. Garcia's ***Section 2255 Motion***.

Senior United States District Judge John Edwards Conway referred the claims raised in the *Section 2255 Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[4] Having considered the parties' submissions, relevant law, and the record in this case and in Mr. Garcia's underlying criminal case contained in Case No. CR-07-0169, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Garcia's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docs. 1* and *4)* be **DENIED** and that Case No. CIV-08-0392 be **DISMISSED with prejudice.**

## Factual and Procedural Background

On October 4, 2006, Mr. Garcia was arrested for violating his parole, and he was taken into state custody.[5] An *Order for Writ of Habeas Corpus ad Prosequendum (Doc. 12)*, filed in Case No. CR-07-00169, was issued on November 2, 2006, for Mr. Garcia to appear in federal court on charges stemming from underlying federal drug offenses. On January 24, 2007, pursuant to a plea agreement, Mr. Garcia pled guilty in Case No. CR-07-00169 to possession of methamphetimine with the intent to distribute.[6] On April 24, 2007, the United States District Court sentenced Mr. Garcia to 24 months in prison.[7] During the April 24, 2007, sentencing hearing, counsel for Mr. Garcia noted that Mr. Garcia was facing state charges, and asked the Court that Defendant's

---

[4] *See **Order of Reference Regarding Prisoner Cases** (Doc. 11)*.

[5] *See **Response** (Doc. 9)* at 3.

[6] *See **Plea Minute Sheet** (Doc. 31)*, filed in Case No. CR-07-00169, and ***Plea Agreement** (Doc. 30)*, filed in Case No. CR-07-00169, at 2.

[7] *See **Sentencing Minute Sheet** (Doc. 33)*, filed in Case No. CR-07-00169.

federal sentence run concurrently with any sentence imposed in his state case.[8] Senior United States District Judge Conway stated that he could not run his sentence concurrent with a sentence that had not yet been imposed, and that it "will be handled by the state judge."[9] On August 13, 2007, the state court ordered Mr. Garcia to serve the balance of three years, and for his sentence to "run concurrent with the federal sentence imposed in Cause No. 07-CR169."[10]

### Discussion

In his *Section 2255 Motion*, Mr. Garcia states that he will complete his state sentence on June 18, 2008, and he asks the Court "to consider his release." *Section 2255 Motion (Docs. 1* and *4)* at 7. The Government states that Mr. Garcia "began serving his federal sentence after being released from state custody on June 18, 2008," and that "[a]ccording to the U.S. Bureau of Prisons, July 30, 2009, is [Mr. Garcia's] anticipated date of release from federal custody." *Response (Doc. 9)* at 3. The Government states that Defendant's motion should be dismissed because (1) in his plea agreement, Mr. Garcia waived his right to collaterally attack his sentence, and (2) Mr. Garcia's motion is untimely under 28 U.S.C. § 2255(f)(1). *Id.* at 3-8.

*1. Running Mr. Garcia's Federal Sentence Concurrently With His State Sentence*

First, the Court notes that to the extent that Mr. Garcia is asking for release from custody because his state sentence was supposed to be served concurrently with his federal sentence, the Tenth Circuit has made it clear that a federal district court may order that a federal sentence be served consecutively to a state sentence that has not yet been imposed. *See Binford v. United States*,

---

[8] *See **Transcript of Sentence Hearing** (Doc. 35)*, filed in Case No. CR-07-00169, at 2-3.

[9] *Id.*

[10] *See **Section 2255 Motion** (Doc. 1)* at CM-ECF page 15 of 26 (all references so designated are to the electronic page numbers listed in the PDF header at the top of each document in the CM-ECF docket).

436 F.3d 1252, 1254 (10th Cir. 2006) (citing *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995)).  Moreover, a federal sentence commences on the date "a prisoner is actually received into federal custody for that purpose." *Binford*, 436 F.3d 1255.  Mr. Garcia's federal sentence, therefore, did not commence until June 18, 2008, the date he was received into federal custody for the purpose of serving his federal sentence, and Mr. Garcia presents no reason why his federal sentence ran concurrently with his state sentence.

### *2. Waiver of Right to Collaterally Attack Sentence*

Mr. Garcia's *Section 2255 Motion* also fails because his plea agreement precludes his right to collaterally attack his sentence.  The plea agreement states that Mr. Garcia "agrees to waive any collateral attack to this conviction and/or sentence pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel." *Plea Agreement (Doc. 30)*, filed in Case No. CR-07-00169, at 5.  The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1182-83 (10th Cir. 2001). Here, Mr. Garcia does not argue that he did not knowingly or voluntarily enter into this plea agreement.  The plea agreement states that Mr. Garcia (1) agrees to waive his collateral attack rights, (2) understands the plea agreement, and (3) voluntarily signs the plea agreement. *See Plea Agreement (Doc. 30)*, filed in Case No. CR-07-00169, at 5-7.  In addition, at his plea hearing, the Court questioned Mr. Garcia about whether his plea was knowingly and voluntarily made (*see* Transcript of Plea Hearing, attached as Exhibit C to *Response (Doc. 9-3)*, at pages 13-14), and asked if Mr. Garcia understood that in signing the plea agreement, he knowingly agreed to waive any collateral attack to his conviction and/or his sentence except on the issue of ineffective assistance

of counsel (*id.* at 20). The Court, therefore, finds that Mr. Garcia is precluded from attacking his sentence by the plea agreement he knowingly and voluntarily entered into.

### 3. Timeliness of Section 2255 Motion

Finally, the Government argues that Mr. Garcia's motion is untimely under 28 U.S.C. § 2255(f)(1). *Id.* at 7-8. Section 2255(f)(1) requires that a motion under Section 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." The Tenth Circuit has explained that a defendant's judgment becomes final on the date the time to file a direct appeal expires. *See United States v. Spry*, No. 07-1315, 260 Fed. Appx. 52, 55 n.2, 2008 WL 41063 (10th Cir. Jan. 2, 2008) (unpublished) (citations omitted). Since Mr. Garcia's judgment was entered on April 24, 2007 (*see **Judgment in a Criminal Case** (Doc. 34)*, filed in Case No. CR-07-00169 (stating that April 24, 2007, is the "Date of Imposition of Judgment")), his time to file a direct appeal expired on May 4, 2007 (*see* Fed. R. App. P. 4(b)(1)(A)(i) (requiring defendant in a criminal case to file a notice of appeal within 10 days of the entry of judgment)). Therefore, Mr. Garcia's Section 2255 motion should have been filed by May 4, 2008, and since it was filed on June 13, 2008, it was untimely under 28 U.S.C. § 2255(f)(1).

### Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

(**1**) the claims raised in Mr. Garcia's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docs. 1* and *4)* be **DENIED;** and

(**2**) Case No. CIV-08-0575 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**